UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JAMES DONALD HATTEN,
　　　　　　*Defendant-Appellant.*

No. 02-4854

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-02-95)

Submitted: June 9, 2003

Decided: July 7, 2003

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Donald Hatten appeals his conviction and seventy-six month sentence for conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Hatten challenges the admissibility of an in-court identification of him by two store clerks as the primary purchaser of pseudoephedrine cold tablets, and assigns error with respect to the calculation of his sentence. Finding no error, we affirm.

Hatten's objection to his identification by Sav-A-Lot store clerks Brenda Cain and Megan Perry is without merit. Hatten's argument focuses chiefly on the witnesses' conflicting testimonies and the fact that the photo array contained only three photographs. This court relies on five factors in assessing the reliability of an in-court identification: "(1) the witness' opportunity to view the perpetrator at the time of the crime; (2) the witness' degree of attention at the time of the offense; (3) the accuracy of the witness' prior description of the perpetrator; (4) the witness' level of certainty when identifying the defendant as the perpetrator at the time of the confrontation; and (5) the length of time between the crime and the confrontation." *United States v. Wilkerson*, 84 F.3d 692, 695 (4th Cir. 1996).

With these factors in mind, we find no basis to question the reliability of the clerks' in-court identifications. First, Perry had ample opportunity to view the purchaser, as she sold him the cold medicine at close range and observed him during the transaction. Cain, the assistant manager, also observed the suspects for the five minutes they were in the store. Second, both witnesses testified to being certain the purchaser was Hatten. The third factor is neutral, as the investigating officer did not ask the witnesses for a statement describing the purchaser prior to displaying the photographs. Regarding the witnesses' degree of attention, Perry recalled Hatten using a $100 bill to make the purchase. Finally, the photographic identification of the defendant was made only one day following the sale.

Furthermore, the discrepancies between the witnesses' testimony at trial were negligible. Perry's and Cain's testimonies varied only as to

which person had made a "smart aleck comment" and whether Hatten was wearing a hat inside the store. Moreover, the men admitted to being in the store in their own statements to police. The crucial question asked of the witnesses was whether they could identify if any of the men in the photographs were in the store and purchased the cold medicine. For this purpose, the three-photo array was not unduly suggestive. The suspects were of similar build and the witnesses viewed the lineup independently. Accordingly, given the totality of the circumstances, Hatten fails to demonstrate that his identification was in fact unreliable.

Hatten's assertion that the district court erred in sentencing him is also meritless. He argued below and on appeal that the district court should have estimated the quantity of methamphetamine for which he was accountable according to testimony regarding the yield of cooked methamphetamine, instead of using the guidelines conversion table by converting it into marijuana. However, the district court properly sentenced Hatten under the guidelines using the appropriate marijuana equivalency equation under § 2D1.1.*

The district court found a base offense level of twenty-eight based on sixty grams of pseudoephedrine converted to 600 kilograms of marijuana. USSG § 2D1.1(c)(6). The court also allowed a three-point decrease for Hatten being a minor participant in the conspiracy and determined his base offense level was twenty-five. The court found Hatten's criminal history category to be III, setting the guideline range between seventy and eighty-seven months. The court imposed a sentence of seventy-six months' imprisonment, three years' supervised release, and a $100 special assessment. We find no error in these sentencing determinations.

We therefore affirm Hatten's conviction and sentence. We also

---

*The Government argues that the district court misspoke in referencing the marijuana equivalency, and instead sentenced Hatten under § 2D1.11, the guideline for distribution. However, the court clearly states that it was sentencing Hatten under § 2D1.1, for manufacture, and the PSR uses the marijuana equivalency conversion found in the November 2001 guidelines. Furthermore, using § 2D1.11 yields the same offense level arrived at using § 2D1.1.

grant Hatten's motion for an extension of time to file a pro se supplemental brief but conclude the issues he asserts therein are meritless. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*